IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAWSON, #R72570,<br><br>          Plaintiff,<br><br>v.<br><br>C. WALL, SERGEANT MARTIN, and CLELLAND,<br><br>          Defendants. | Case No. 19-cv-01172-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Christopher Dawson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims unconstitutional conditions of confinement while in segregation, improper discipline, and retaliation by staff. He seeks monetary damages and injunctive relief.

      The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and

subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## THE COMPLAINT

Dawson alleges the following: After an informant falsely claimed that Dawson was plotting to assault a correctional officer, on January 15, 2019, he was placed in segregation. (Doc. 1, p. 6). For over seven days he did not have soap, toothpaste, a toothbrush, and wash clothes, and his cell was flooded with water from the toilet. He asked to move, but his request was denied. He wrote grievances regarding the lack of hygiene items and not receiving a summary of the investigation report of the false statement made by the informant.

From March 1, 2019, until July 1, 2019, Lieutenant Wall retaliated against Dawson by denying him yard time, access to the barbershop, and cleaning supplies. (*Id.*). He wrote grievances regarding Wall's conduct but nothing was done. In response to his grievances, Wall would make excuses for denying Dawson certain privileges, such as Dawson was on a list or not in compliance.

On July 29, 2019, Dawson was assaulted by two inmates in the yard and was forced to defend himself. (*Id.* at p. 8). As a result, he was disciplined again with yard time restrictions and was forced to be confined to his cell for twenty-four hours a day.

On September 4, 2019, he was placed in a crisis cell, where an officer harassed and taunted him. The next day he was denied food and then went on a hunger strike. Sergeant Martin also harassed him by placing a blanket over the window, cutting off the water, showing Dawson a paper with the name of his deceased mother, and telling the shift nurse not check on him. (*Id.* at p. 8-9).

On September 10, 2019, Sergeant Martin and another officer told Dawson he was moving to another cell. He refused and asked to speak to a major about the harassment he was being subjected to by correctional officers. Major Clelland came and would not listen to Dawson's harassment complaints. Major Clelland then escorted Dawson from the cell and took him to a room and beat him by punching and kicking him, while other officers watched. (*Id.* at p. 9). The following day he saw a mental health professional, Mrs. Woods. (*Id.* at p. 10). He told her he was on a hunger strike, but he was never taken to health care. He filed multiple grievances but did not receive a response.

At some point he injured his leg playing basketball but did not receive medical attention. He wrote a grievance regarding his injury and about missing property, but again, he did not receive a response. (*Id.*).

## PRELIMINARY DISMISSALS

The Complaint raises a laundry list of numerous claims against several individuals, but the case caption only lists Lieutenant Wall, Sergeant Martin, and Major Clelland as defendants. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Likewise, his claims regarding the lack of hygiene items and flooded toilet while in segregation, the mishandling of his grievances, improper disciplinary investigation and punishment, confinement to his cell for three months without yard time from July 2019 to September 2019, confiscation of property, and the denial of adequate health care are not associated with a defendant and

are also dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). The Court further notes that many of these claims appear improperly joined, as they are unrelated and against different individuals. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following three Counts:

> **Count 1:** First Amendment claim of retaliation against Wall for denying Dawson yard time, access to the barbershop, and cleaning supplies from March 1, 2019, until July 1, 2019.
>
> **Count 2:** Eighth Amendment claim of cruel and unusual punishment against Martin for harassing Dawson from September 5, 2019, to September 10, 2019.
>
> **Count 3:** Eighth Amendment claim of excessive force against Clelland for punching and kicking Dawson on September 10, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.**[1]

## SEVERANCE

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.

---

[1] *See Twombly,* 550 U.S. at 570.

Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George,* 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978).

Here, the allegations that Lieutenant Wall retaliated against Dawson from March to July 2019 are not properly joined with his claims against different defendants of harassment and excessive force that took place a few months later while Dawson was on crisis watch. The Court exercises its authority under Rule 21 and severs the improperly joined claims. Counts 2 and 3 shall remain in this action, and the merits of these claims will be reviewed in this Order. Count 1 will be severed into a separate action.

## MERITS REVIEW

### Count 2

Dawson alleges that Sergeant Martin contributed to the harassment committed by other correctional officers by placing a blanket on his window, shutting off his water, telling the nurse not to visit his cell, and showing him a paper with his deceased mother's name. Count 2 will proceed against Sergeant Martin. *See Beal v. Foster,* 803 F. 3d 356, 357-59 (7th Cir. 2015) ("The proposition that verbal harassment cannot amount to cruel and unusual punishment is incorrect."); *Lisle v. Welborn,* 933 F.3d 705, 718 (7th Cir. 2019). *But see Jelinek v. Roth,* No. 93-3316, 1994 WL 447266, at *2 (7th Cir. Aug 19, 1994) ("[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell[.]"); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th

Cir. 2016) ("To date, we have recognized Eighth Amendment violations where prisoners are deprived of cleaning supplies and running water only in extreme circumstances.").

### Count 3

Count 3 will also proceed against Major Clelland who Dawson claims punched and kicked him on September 10, 2019. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (prison officials who use force against an inmate that is malicious or sadistic, rather than employed in a "good-faith effort to maintain or restore discipline," violate the Eighth Amendment) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

### MOTION TO COMPEL

Dawson has filed two motions to compel evidence (Docs. 6 and 9). He states that he has served a request for the production documents on defendants and has not received a response. Because the defendants in this action have not even been served with the Complaint, the motions to compel discovery are premature and are denied without prejudice. The Court will issue a scheduling and discovery order once Defendants have answered the Complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that **Count 1** against **Lieutenant C. Wall** is **SEVERED** into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the Complaint (Doc. 1).

**IT IS FURTHER ORDERED** that <u>**the only claims remaining in this action are Count 2 against Sergeant Martin and Count 3 against Major Clelland.**</u> The Clerk of Court is **DIRECTED** to terminate **Lieutenant C. Wall** as a defendant in this action.

*MERIT REVIEW COUNTS 2 AND 3*

For the reasons set forth above, the Complaint survives screening pursuant to Section 1915A. **Count 2** shall proceed against **Sergeant Martin** and **Count 3** shall proceed against **Major Clelland.**

The Motions to Compel Evidence (Docs. 6 and 9) are **DENIED without prejudice.**

The Clerk of Court shall prepare for **Defendant Sergeant Martin** and **Major Clelland**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Dawson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Dawson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Dawson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Dawson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Dawson is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Dawson need not submit any evidence to the Court at this time, unless specifically directed to do so.