UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER DAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 3:19-cv-01172-GCS** |
| **JOSEPH MARTIN, and DEREK** | ) | |
| **CLELAND,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Christopher Dawson, an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center, alleges that Defendant Joseph Martin violated Plaintiff's Eighth Amendment rights through a consistent pattern of harassment, while Defendant Derek Cleland violated Plaintiff's Eighth Amendment rights by using excessive force against him. (Doc. 1). On October 28, 2019, Plaintiff brought this case under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. *Id*. Defendants filed a motion for summary judgment regarding the issue of exhaustion of remedies on September 21, 2020 (Doc. 23). After holding a hearing during which Plaintiff testified that officers mishandled his grievances, the Court granted the motion on May 3, 2021. (Doc. 37). Pending before the Court is Plaintiff's motion for judgment as a matter of law (Doc. 39), which this Court construes as a motion for reconsideration of the Court's order

granting Defendants' motion for summary judgment.[1] For the reasons delineated below, the motion for reconsideration is **DENIED**.

FACTUAL BACKGROUND

The Court examined two potentially relevant grievances when considering Defendants' motion for summary judgment: grievance number 2795-09-19 ("grievance 2795") and grievance number 2784-09-19 ("grievance 2784"). (Doc. 37). Plaintiff filed grievance 2795 as an emergency on September 2, 2019. (Doc. 36, Exh. 1). The grievance counselor denied the grievance on September 3, 2019, and there is no evidence that Plaintiff appealed the grievance counselor's decision to the Administrative Review Board ("ARB"). *Id*. Plaintiff also filed grievance 2784 as an emergency. (Doc. 36, Exh. 2). Pinckneyville Correctional Center does not have a record of grievance 2784. *Id*. However, Pinckneyville Correctional Center does note that the warden denied Plaintiff's grievance as a non-emergency. *Id*. There is no evidence that Plaintiff re-filled his grievance using the regular grievance procedure. *Id*.

The Court inquired into both grievances during the January 11, 2021 hearing, as Defendants had supplied neither grievance in their motion. On January 13, 2021, Defendants filed a notice containing a copy of grievance 2795. (Doc. 36, Exh. 1). However, a search of Pinckneyville Correctional Center's records did not return a copy of grievance 2784. (Doc. 36, Exh. 2). Instead, Defendants submitted a declaration from grievance

---

[1] The Court construes *pro se* filings liberally. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Though titled a motion for judgment as a matter of law, Plaintiff's motion clearly seeks reconsideration of this Court's order granting summary judgment. The Court will therefore analyze it as such.

counselor Catherine Hale, explaining that Pinckneyville Correctional Center did not have a copy of the grievance because, after the grievance was deemed a non-emergency, Plaintiff did not refile the grievance through the normal channels. (Doc. 36, Exh. 2).

After examining grievance 2795 and weighing the competing testimony of Ms. Hale and Plaintiff, the Court granted Defendants' motion for summary judgment. (Doc. 37). The Court noted that there was no evidence in the record that officers mishandled grievance 2795; instead, evidence suggested that the grievance counselor promptly returned the grievance and Plaintiff failed to appeal it. *Id*. at p. 8. Construing the facts most favorably to Plaintiff, as the non-moving party, the Court found that officials did fail to return grievance 2784 to Plaintiff. *Id*. at p. 10. However, the Court also found that Plaintiff still rushed to file his complaint, as there was no indication that officials were not pursuing or investigating his case. *Id*. at p. 12-13. Plaintiff's remedies therefore remained unexhausted. *Id.*

### Legal Standards

Courts consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. West.*, 791 F.3d 801, 807 (7th Cir. 2015)); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011). *See also Sigsworth*

*v. City of Aurora, Ill.*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order.[2]

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also North. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion"). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Plaintiff reasserts that officials never returned grievances 2795 and 2784 to him, rendering his remedies unavailable. (Doc. 39, p. 1). In order to support that contention, Plaintiff cites to *Dole v. Chandler*, 438 F.3d 804, 811-812 (7th Cir. 2006); *Ouellette v. Maine State Prison*, No. Civ. 05-139-B-W, 2006 WL 173639, at *3 (D. Maine. Jan. 23, 2006); and *Woodard v. O'Brien*, No. C07-0121-MWB, 2010 WL 148301, at *15 (N.D. Iowa Jan. 14, 2010). As Plaintiff relies on law, rather than asserting new facts or mistake, the Court finds that Plaintiff's underlying reason for requesting reconsideration is most similar to the manifest error of law outlined in Rule 59(e).

---

[2]    As Plaintiff filed his motion on May 19, 2021, his motion is timely.

ANALYSIS

There are three circumstances in which an administrative remedy is not capable of use to obtain relief (and therefore unavailable): (i) when the remedy operates as "a simple dead end," in which officers are unable or unwilling to provide relief; (ii) when, though mechanisms exist through which inmates can technically obtain relief, the mechanisms are so opaque no ordinary inmate can navigate them; or (iii) when prison administrators thwart an inmate's attempt to take advantage of available remedies through "machination, misrepresentation or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *see also Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dole,* 438 F.3d at 808. When a plaintiff properly follows the procedure for exhausting administrative remedies, but prison officials mishandle the grievance, the remedy is rendered unavailable. *See Dole*, 438 F.3d at 811. For example, if the ARB rejected an appeal on the basis of a grievance officer's misidentification of the inmate's prison number, a plaintiff could argue that this mistake rendered his attempts to exhaust his administrative remedies thwarted. *See Ross v. Bock*, No. 16-C-8672, 2017 WL 6758394, at *3 (N.D. Ill. Nov. 29, 2017). Plaintiff argues that prison officials mishandled both grievance 2795 and grievance 2784. (Doc. 39, p. 1). As mishandling grievances may render an inmate's administrative remedies unavailable, Plaintiff requests reconsideration of the Court's order granting summary judgment. *Id*.

## I.      Grievance 2795

The Court initially found that the record contained no evidence that prison officials mishandled grievance 2795. (Doc. 37, p. 8). To the contrary, the grievance

counselor returned that grievance to Plaintiff only one day after Plaintiff filed it with a written explanation for why the grievance was denied. *Id*. p. 8-9. There is no evidence that Plaintiff then appealed that decision. *Id*. at p. 9.

Plaintiff's argument in his motion for reconsideration is predicated on showing that courts consider administrative remedies exhausted when prison officials render them unavailable to inmates by mishandling grievances. (Doc. 39, p. 2). In support, Plaintiff cites to *Woodard*, in which the Court found that the grievance procedure regarding whether an inmate is required to appeal was ambiguous, and that the plaintiff therefore exhausted his remedies to the best of his ability to understand it. 2010 WL 148301, at *15. But, during the hearing and in written motions, Plaintiff offered no evidence that he did not understand the IDOC grievance procedure. He further testified that he had received a copy of the grievance policies during his prison orientation and that he understood them.

Prisoners must strictly adhere to the grievance process in order to satisfy the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. *See Dole*, 438 F.3d at 809. They must also follow a prison's administrative rules when exhausting their remedies. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). The IDOC grievance policies require a prisoner to appeal to the Director through the ARB within thirty days of the Chief Administrative Officer's decision in order to fully exhaust. *See* 20 ILL. ADMIN. CODE § 504.850(a). As Plaintiff provides no evidence that he either properly appealed grievance 2795 or that the IDOC grievance policy was ambiguous as to the requirement to appeal, Plaintiff's motion for reconsideration is denied as to grievance 2975.

## II.      Grievance 2784

If grievance personnel do not respond to an inmate's grievance, that inmate's administrative remedies are rendered unavailable. *See Dole*, 483 F.3d at 809. However, in order for an inmate's remedies to be unavailable due to lack of a response, an inmate must have no indication that officials are pursuing his case. *See Reid v. Balota*, 962 F.3d 325, 331 (7th Cir. 2020). For example, when prison officials state that they will inform an inmate of the status of their grievance within sixty days, "whenever possible," a period of silence exceeding six months nevertheless does not render remedies unavailable because officials may still be investigating a complicated case. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). In contrast, in *Reid*, the Seventh Circuit Court of Appeals found that a two-month period of silence rendered administrative remedies unavailable only because the inmate had no other reason to believe that anyone was "looking into" his grievance. 962 F.3d at 331.

Although prison officials may, in some circumstances, render a prisoner's administrative remedies unavailable by failing to respond to a grievance, a court nevertheless cannot find that the administrative process was not available when a prisoner rushed to court to file a lawsuit shortly after an administrative response was required. *See, e.g., Mlaska v. Shah*, Nos. 10-2255, 10-2401, 10-3795, 428 Fed. Appx. 642, 645 (7th Cir. June 29, 2011)(stating that prisoner failed to exhaust where, at best, he filed lawsuit one month after the warden's 60–day response period elapsed); *Jamison v. Franko*, No. 12-C-0242, 2013 WL 5166626, at *3 (N.D. Ill. Sept. 13, 2013)(noting that prisoner failed to exhaust where he filed suit less than two weeks after the 30–day response period had

elapsed); *Gregory v. Santos*, No. 07-669-JPG-CJP, 2010 WL 750047, at *6 (S.D. Ill. Jan. 19, 2010)(stating that prisoner failed to exhaust where he gave the ARB "only a few days leeway beyond the six-month period"). Instead, prisoners must file suit only after a sufficient period of time has passed for a required administrative response. *See, e.g., Kyles v. Mathy*, No. 09–1084, 2010 WL 3025109, at *4 (C.D. Ill. Aug. 2, 2010)(noting that prisoner exhausted when he waited approximately one and a half months after the expiration of the two-month response deadline before moving on to the next step of grievance process); *Green v. Hartman*, No. 04-C-4304, 2006 WL 2699336, at *3 (N.D. Ill. Sept. 18, 2006)(finding that prisoner exhausted where he waited to file suit until two months after the expiration of the 30–day response deadline); *Goodman v. Carter*, No. 2000-C-948, 2001 WL 755137, at *3 (N.D. Ill. July 2, 2001)(noting that prisoner exhausted where he waited to file suit until 45–days after the warden's response was due). In Illinois, grievances officers are permitted sixty days in which to report his or her findings and recommendations to the CAO. *See* 20 ILL. ADMIN. CODE § 504.830(e).

The Court found that, in waiting only fifty-six days after submitting grievance 2784 to file suit, Plaintiff rushed to litigation before his administrative remedies could be deemed unavailable. (Doc. 39, p. 12). Under the IDOC's grievance policies, officials have sixty days in which to investigate and return an inmate's grievance. *See* 20 ILL. ADMIN. CODE § 504.800. The dispositive issue in this case was not whether Plaintiff's grievance was mishandled, but whether Plaintiff filed his suit prematurely by failing to wait the full sixty days for a possible response from prison officials. As officials still had four days in

which to investigate Plaintiff's claim, his remedies were not unavailable at the time Plaintiff brought suit. (Doc. 37, p. 12).

Plaintiff points to *Dole* and *Ouellette* in order to argue that prison officials' failure to return his grievances rendered his remedies unavailable to him. (Doc. 39, p. 2). However, neither case supports finding that Plaintiff timely filed his complaint. In *Dole*, the Seventh Circuit noted that the plaintiff "properly followed procedure and prison officials were responsible for" mishandling the plaintiff's grievances. 438 F.3d at 811. However, because prison officials had four additional days in which to return Plaintiff's grievance to him, unlike in *Dole*, the officials did not mishandle Plaintiff's grievance. In *Ouellette*, the official prison grievance policy promised to return grievances within twenty days; therefore, when the plaintiff did not receive a response after thirty-five days, his remedies were considered exhausted. 2006 WL 173639, at *2. In contrast, the IDOC grievance policy requires a return only after sixty days. Unlike in *Ouellette*, prison officials still had time to investigate Plaintiff's complaints under IDOC's grievance policies. The Court therefore finds that grievance 2784 remained unexhausted and available at the time Plaintiff filed his complaint. Accordingly, Plaintiff's motion for reconsideration is denied regarding grievance 2784.

CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment as a matter of law (Doc. 39) is **DENIED.**

      **IT IS SO ORDERED.**

      **Dated:  May 24, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.05.24
13:49:38 -05'00'

_____

**GILBERT C. SISON**
**United States Magistrate Judge**